**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmie Lynn Lucas,<br><br>          Petitioner,<br><br>vs.<br><br>Dora B. Schriro; and Terry L. Goddard,<br>Attorney General of the State of Arizona,<br><br>          Respondents. | No. CV-06-1313-PHX-DGC (JCG)<br><br>**ORDER** |

Petitioner Jimmie Lucas commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. #1. United States Magistrate Judge Jennifer Guerin has issued a report and recommendation ("R&R") recommending that the Court deny the petition. Dkt. #22. Petitioner has filed objections to the R&R and Respondents have filed a response. Dkt. ##25, 31. The Court will accept the R&R in part and deny it in part.

**I.     Background.**[1]

Petitioner is a prisoner confined at the Arizona State Prison Complex in Florence, Arizona. In 1987, Petitioner was convicted by a state court jury on one count of first-degree burglary and three counts of first-degree murder. Petitioner was sentenced to concurrent prison terms of ten years for the burglary and life for the murders.

---

[1] The facts and procedural history of the case are set forth in the R&R, and will not be repeated in this order except as necessary to explain the Court's ruling.

1    On September 11, 1991, Petitioner filed a notice of delayed appeal. Dkt. #13-3 at 2 (Answer Ex. E). The appeal was stayed at various times during the next ten years while Petitioner pursued post-conviction relief in the trial court and sought special action review by the Arizona Supreme Court. *See* Dkt. ##13 at 3-4, 22 at 3. The Arizona Court of Appeals lifted the final stay on December 16, 2002, and gave Petitioner until January 27, 2003 to file his opening brief. Dkt. #13-4 at 8-9 (Ex. L). Petitioner was granted a one-month extension. *Id.* Petitioner failed to file a brief and, on January 15, 2004, the Court of Appeals dismissed the appeal under A.R.S. § 13-4039 for lack of prosecution. *Id.*; Dkt. #13-2 at 5-6 (Ex. A).

On February 8, 2005, Petitioner filed a third notice of post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Dkt. #13-4 at 26-33 (Ex. R). Petitioner indicated his intent to file a petition asserting four claims for relief: (1) Petitioner was denied his right to counsel on appeal and during previous post-conviction relief proceedings, (2) the prison's court access policy and confiscation of his typewriter violated his constitutional rights, (3) Petitioner's appeal was improperly dismissed under A.R.S. § 13-4039 in violation of his due process and equal protection rights, and (4) Petitioner is entitled to have the state's original plea offer reinstated based on his trial counsel's incorrect advice regarding Petitioner's right to a lesser-included offense instruction. *Id.* at 30-31. The trial court dismissed the notice as untimely and without merit. *Id.* at 35-38 (Ex. S). Petitioner filed a petition for review with the Arizona Court of Appeals. *Id.* at 41-75 (Ex. T).

While the petition for review was pending, Petitioner filed this federal petition on May 17, 2006. Dkt. #1. On April 12, 2007, the Court of Appeals granted Petitioner's petition for review and remanded the case to the trial court, finding that there was a colorable argument that the notice of post-conviction relief was timely filed and that the trial court abused its discretion in dismissing the notice on the merits without giving Petitioner an opportunity to file a supporting petition. Dkt. #21 at 4-7. The mandate issued in October 2007. *See State v. Lucas*, 2 CA-CR 2006-0132-PR (Ariz. Ct. App. Oct. 30, 2007). Pursuant to the trial court's briefing schedule, the petition is due by December 17, 2007. *See State v. Lucas*, CR 0000-158861 (Ariz. Super. Ct. Nov. 22, 2007).

## II. Legal Standard.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court may not grant habeas relief unless it concludes that the state's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). Nor may the Court grant habeas relief under the AEDPA unless the petitioner has exhausted his claim in state court. 28 U.S.C. § 2254(b)(1)(A). The Court may, however, deny an unexhausted claim on the merits where it is perfectly clear that the claim is not colorable. 28 U.S.C. § 2254(b)(2); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005); *see Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stating that the district court would abuse its discretion if it were to grant a stay where the unexhausted claim is "plainly meritless").

## III. Analysis.

Construed liberally, the instant petition asserts five claims for relief: (1) Petitioner was denied appellate counsel in violation of his constitutional rights, (2) Petitioner was denied the use of a typewriter to prepare an appellate brief in violation of his constitutional rights, (3) Petitioner's appeal was denied under A.R.S. § 13-4039 without notice or an opportunity to be heard in violation of his due process and equal protection rights, (4) the trial court improperly instructed the jury on a justification defense and failed to give a lesser-included offense instruction in violation of Petitioner's due process rights, and (5) Petitioner was denied effective assistance of counsel when his trial counsel erroneously advised him not to accept a plea offer on the ground that a lesser-included offense instruction would be given and, in light of his justification defense, that no reasonable jury would find him guilty of first-degree murder. Dkt. #1 at 5-7; *see* Dkt. #22 at 6 & n.3.

The parties do not dispute that claims one through three are unexhausted – they presently are pending in state court. Judge Guerin concluded that Petitioner is not entitled to a stay in this case with respect to claims one through three because they plainly are

1  without merit. Dkt. #22 at 9-10 (citing *Rhines*, 544 U.S. 269). Judge Guerin further
2  concluded that Petitioner did not properly present claims four and five to the state court, and
3  the claims therefore are technically exhausted but procedurally defaulted. *Id.* at 10-11.
4  Petitioner objects to these findings. Dkt. #25.

5      **A.**    **Claim One.**

6      Judge Guerin concluded that Petitioner's claim that he was denied appellate counsel
7  plainly is without merit because Petitioner was appointed counsel on appeal but affirmatively
8  asserted his right to represent himself in a motion to vacate the order appointing counsel.
9  Dkt. #22 at 9 (citing Dkt. #13-3 at 9-15 (Exs. H & I)). Petitioner does not dispute that the
10 state trial court appointed counsel to represent him on appeal. *See* Dkt. #13-3 at 8 (Ex. G).
11 Nor does Petitioner dispute that he knowingly and voluntarily invoked his right to represent
12 himself on appeal. *See* Dkt. #13-3 at 10-13 (Ex. H). Rather, Petitioner contends that under
13 *Halbert v. Michigan*, 545 U.S. 605 (2005), he was "entitled to have appellate counsel
14 appointed even though he had previously relinquished his right to counsel." *Id.* at 5 & n.3.

15     *Halbert* does not support Petitioner's claim. *Halbert* involved a challenge to a state
16 law permitting denial of appointed appellate counsel to indigent defendants who had pled
17 guilty or nolo contendere. Halbert, convicted on his plea of nolo contendere, was denied
18 appointed appellate counsel by the state courts. The Supreme Court held that the denial of
19 appointed counsel violated Halbert's constitutional rights. The Supreme Court rejected the
20 state's waiver argument because under the challenged law Halbert simply "had no recognized
21 right to appointed appellate counsel he could elect to forgo." 545 U.S. at 623. Petitioner, by
22 contrast, was afforded the right to appointed appellate counsel and freely chose to relinquish
23 that right. *See* Dkt. #13-3 at 8.

24     Petitioner's reliance on the unpublished memorandum decision in *Rasul v.*
25 *Napolitano*, 139 Fed. Appx. 884 (9th Cir. 2005), is also misplaced. *Rasul* held that the
26 defendant's waiver of counsel prior to *trial* did not amount to the forfeiture of the right to
27 counsel on appeal. 139 Fed. Appx. at 885. The *Rasul* court specifically noted that a
28 defendant is free to waive the right to appellate counsel during the appellate proceedings.

1  *Id.* at 885 n.1.  That is what Petitioner did in this case.  *See* Dkt. #13-3 at 10-13.

2  Petitioner has not presented a colorable claim that he was denied the right to appellate
3  counsel.  The Court will accept the R&R with respect to claim one.

4  **B.  Claim Two.**

5  Petitioner asserts in claim two that his constitutional rights were violated when he was
6  denied a typewriter to prepare an opening appellate brief.  Dkt. #1 at 5.  Judge Guerin
7  concluded that this claim plainly is without merit because even without a typewriter,
8  Petitioner could have prepared a brief in the amount of time he was given.  Dkt. #22 at 9-10.
9  Judge Guerin noted that over twelve years had passed between the filing of Petitioner's
10 notice of appeal and the dismissal of the appeal.  *Id.* at 9.  Petitioner contends that the
11 relevant time frame is from the date when the stay of his appeal was lifted until the date the
12 appeal was dismissed.  Dkt. #25 at 6.  But even if the Court were to conclude that this is the
13 relevant period, Petitioner has not shown that the lack of a typewriter denied him his right
14 of meaningful access to the courts.

15 The final stay was lifted on December 16, 2002.  The appeal was not dismissed until
16 January 15, 2004.  Dkt. ##13-2 at 5-6, 13-4 at 8-9.  Petitioner therefore had nearly two years
17 to prepare an opening brief once the stay was lifted.  During this period Petitioner managed
18 to prepare two motions without the use of a typewriter.  Dkt. #13-3 at 8-9.

19 "It is well established that prison inmates do not have a constitutional right to use or
20 possess typewriters[.]"  *See Roberts v. Cohn*, 63 F. Supp. 2d 921, 924 (N.D. Ind. 1999)
21 (citations omitted).  While prisoners do have a constitutional right to meaningful access to
22 the courts, "this access is satisfied by providing basic materials, such as ink pens and paper,
23 for the preparation of materials."  *Id.* at 924-25.  Petitioner does not dispute that he was
24 provided basic writing materials during the pendency of his appeal.

25 Petitioner asserts that he needed a typewriter due to a physical disability.  Dkt. ##1
26 at 5, 25 at 6.  But Petitioner has presented no facts or evidence in support of this assertion.

27 Petitioner has not presented a colorable claim that the denial of a typewriter violated
28 his constitutional rights.  The Court will accept the R&R with respect to claim two.

- 5 -

**C.     Claim Three.**

A.R.S. § 13-4039, as amended in 1995, provides that "[i]f the appellant fails to prosecute the appeal, the appellate court shall dismiss the appeal." The Arizona Court of Appeals dismissed Petitioner's appeal pursuant to this statute, stating that the case had been submitted with "no arguments [presented] in support of the appeal." Dkt. #13-2 at 6 (Ex. A).

Petitioner asserts that his appeal was denied under § 13-4039 without notice or an opportunity to be heard in violation of his due process and equal protection rights. Dkt. #1 at 5. Judge Guerin concluded that this claim plainly is without merit because the Court of Appeals reset Petitioner's briefing date numerous times and warned him that if he did not file an opening brief, the case would submitted on the record without briefing. Dkt. #22 at 10.

Petitioner cites no legal authority, and the Court has found none, for the proposition that dismissal of an appeal under § 13-4039 violates the appellant's due process and equal protection rights. Petitioner contends that summary dismissal of an appeal under § 13-4039 would nullify Rule 31.15(b) of the Arizona Rules of Criminal Procedure, which provides that no appeal may be dismissed for lack of prosecution if the record on appeal is sufficient to enable the appellate court to decide the appeal on its merits. Dkt. #25 at 7 (citing Ariz. R. Crim. P. 31.15(b)). But even if the Court were to assume that the application of § 13-4039 is inconsistent with Rule 31.15(b), Petitioner has not shown that the dismissal of his appeal under § 13-4039 constitutes a violation of his federal constitutional rights. Nor has Plaintiff shown that his notice of appeal was sufficient to enable the Court of Appeals to decide the appeal on its merits.

Petitioner's argument that the dismissal of his appeal involved a retroactive application of § 13-4039 is unpersuasive. The Arizona legislature amended the statute to allow for summary dismissals in 1995. *See* 1995 Ariz. Sess. Laws, ch. 198, § 2. Petitioner's appeal was dismissed under the amended statute in January 2004. *See* Dkt. #13-2 at 5-6.

Petitioner has failed to present a colorable claim that the denial of his appeal violated his due process and equal protection rights. The Court will accept the R&R with respect to claim three.

### D. Claim Four.

Petitioner asserts in claim four that the trial court improperly instructed the jury on a justification defense and failed to give a lesser-included offense instruction in violation of his due process rights. Dkt. #1 at 6. Judge Guerin concluded that Petitioner did not properly exhaust this claim in state court, and that the claim is now procedurally defaulted under the Arizona Rules of Criminal Procedure. Dkt. #22 at 10. Petitioner does not object to this conclusion. *See* Dkt. #25 at 7-8.

Petitioner contended in his petition that his procedural default should be excused for cause. Petitioner asserted that his efforts to properly exhaust his claims have been impeded by the state through judicial bias and misconduct, the denial of appointed counsel, the denial of access to a typewriter, the retroactive application of § 13-4039, and the refusal to address his appeal on the merits. Dkt. #1 at 8. Judge Guerin addressed each of these reasons and found that none of them amounts to a showing of cause. Dkt. #22 at 11.

Petitioner's objection simply reiterates the reasons set forth in his petition. He restates that exhaustion of claim four "was impeded by state officials and should be considered exhausted for purposes of federal habeas review." Dkt. #25 at 8. The Court finds this generalized objection to be ineffective.

Rule 72(b) of the Federal Rules of Civil Procedure provides that "a party may serve and file *specific*, written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b) (emphasis added). The rule further provides that the district judge shall make a de novo determination of "any portion of the magistrate judge's disposition to which *specific* written objection has been made[.]" *Id.* (emphasis added); *see* 28 U.S.C. § 636(b)(1).

Petitioner has only reiterated objections already addressed by Judge Guerin. His non-specific objection fails to offer new arguments and is devoid of supporting authority. The Court deems Petitioner's objection ineffective. Because Petitioner has made no effective objection, the Court is relieved of any obligation to review the portion of the R&R addressing claim four. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (Section 636(b)(1) "does not . . .

1 require any review at all . . . of any issue that is not the subject of an objection."); *United*
2 *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). The Court will accept
3 the R&R with respect to claim four.

### E. Claim Five.

5 In claim five, Petitioner asserts an ineffective assistance of counsel claim under the
6 Sixth and Fourteenth Amendments. Dkt. #1 at 7. Specifically, Petitioner asserts that he was
7 denied effective assistance of counsel when his trial counsel advised him to reject the state's
8 plea offer on the ground that a lesser-included offense instruction would be given and no
9 reasonable jury would find him guilty of first-degree felony murder. *Id.* Judge Guerin found
10 that this claim is technically exhausted but procedurally defaulted because Petitioner did not
11 present the claim in either his direct appeal or his post-conviction relief proceedings. Dkt.
12 #22 at 10-11. Petitioner objects to this finding, stating that he presented claim five in his
13 third notice of post-conviction relief. Dkt. #25 at 8 (citing Dkt. #13-4). Respondents fail to
14 address this argument. Dkt. #31 at 6.

15 Petitioner's objection has merit. In his third notice of post-conviction relief, Petitioner
16 asserted that *State v. Donald*, 10 P.3d 1193 (Ariz. Ct. App. 2000), "was a significant change
17 in the law that entitles him to relief in the form of the State's original plea offer being
18 reinstated *based on trial counsel's incorrect advice* [regarding Petitioner's] right to lesser
19 included instructions on the charge of felony murder." Dkt. #13-4 at 6 (emphasis added).
20 Judge Guerin construed this claim as asserting that "a significant change in the law that
21 should be retroactively applied entitles Petitioner to reinstatement of the state's original plea
22 offer." Dkt. #22 at 5. While this is the relief Petitioner sought, the claim is based on "trial
23 counsel's incorrect advice" that Petitioner should reject the state's plea offer and proceed to
24 trial. Dkt. #13-4 at 6. Petitioner's citation to *Donald* supports a finding that the claim is one
25 of ineffective assistance of counsel. *Donald* held that the defendant had stated a colorable
26 "claim for post-conviction relief on the basis that counsel's ineffective assistance led the
27 defendant to make an uniformed decision to reject a plea bargain and proceed to trial." 10
28 P.3d at 1200. Here, the Arizona Court of Appeals found that Petitioner had asserted in his

1 notice of post-conviction relief a "claim of ineffective assistance of counsel based on
2 [*Donald*]." Dkt. #21 at 6.

3     The Court cannot agree that Petitioner failed to raise claim five in his third notice of
4 post-conviction relief. The Court therefore will reject the R&R with respect to claim five.

5     **F.    Conclusion.**

6     The Court will accept the R&R with respect to claims one through four and reject it
7 with respect to claim five. The Court will refer the case to Judge Guerin for further
8 proceedings. Judge Guerin may issue a new R&R addressing, among any other relevant
9 issues, whether a stay is appropriate under *Rhines* with respect to claim five.

10 **IV.    Respondents' Duty to Supplement the Record.**

11     In its order requiring a response to Petitioner's objections, the Court stated that in the
12 event that further proceedings had occurred in the state trial or appellate courts since April
13 2007, Respondents shall file any documents or orders relevant to those proceedings with the
14 Court. Dkt. #26. Respondents did not comply with this directive. Respondents have failed
15 to provide the Court with a copy of the trial court's minute entry setting a briefing schedule
16 on Petitioner's third notice of post-conviction relief. *See State v. Lucas*, CR 0000-158861
17 (Ariz. Super. Ct. Nov. 22, 2007) (J. O'Toole Minute Entry). While the Court was able to
18 obtain a copy of this minute entry from the trial court's Internet website (at http://www.
19 courtminutes.maricopa.gov/docs/Criminal/102007/m2894379.pdf), Respondents shall make
20 it part of the official record in this case by filing a copy with the Court. Respondents also
21 shall promptly file with the Court copies of any briefs, orders, or other documents that are
22 filed in the state court proceedings. *See* Rule 5(c), Rules Governing Section 2254 Cases, 28
23 U.S.C. foll. § 2254 (providing that the district court may require the respondent to furnish
24 parts of the state court record).

25     **IT IS ORDERED:**

26     1.    The Magistrate Judge's R&R (Dkt. #22) is **accepted in part** and **rejected in**
27         **part** as set forth in this order.

28     2.    Petitioner's petition for writ of habeas corpus (Dkt. #1) is **denied** with respect

to claims one through four.

3. The case is referred to Magistrate Judge Guerin for further proceedings with respect to claim five.

4. Respondents shall supplement the record as set forth in this order.

DATED this 11th day of December, 2007.

David G. Campbell
United States District Judge