**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmie Lynn Lucas, | No. CV-06-1313-PHX-GMS |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro; and Terry L. Goddard, Attorney General of the State of Arizona, | |
| Respondents. | |

Pending before the Court is Respondent's Motion to Lift the Stay and to Dismiss Jimmie Lynn Lucas's Petition for a Writ of Habeas Corpus. (Dkt. # 41.) For the following reasons, the Court grants the Motion.

## RELEVANT BACKGROUND[1]

Petitioner Jimmie Lynn Lucas ("Petitioner") is a prisoner confined at the Arizona State Prison Complex in Florence, Arizona. He was convicted of first-degree burglary and three counts of first-degree murder in Maricopa County Superior Court on May 6, 1987 and was sentenced to three life terms. After a lengthy appeal in state court, Petitioner brought

---

[1] The history of this case is recapitulated here only to the extent necessary to resolve the motion presently before the Court. A more detailed factual account is available in Magistrate Judge Jennifer C. Guerin's June 27, 2007 Report and Recommendation (R & R). (Dkt. # 22.)

1 a Petition for a Writ of Habeas Corpus (the "Petition") on May 17, 2006. The Petition raised five claims for relief.[2] Of those claims, however, four were denied in an Order issued by District Judge David G. Campbell on December 11, 2007. (Dkt. # 32.) Judge Campbell later stayed Petitioner's fifth claim pending a final ruling on a Rule 32 post-conviction relief proceeding in Arizona state court. (Dkt. # 35.) On February 4, 2009, Arizona dismissed Petitioner's Rule 32 preceding based on his failure to timely file a petition for relief. (Dkt. # 40 at 6.) Respondent subsequently brought the Motion to Lift the Stay and Dismiss the Petition. (Dkt. # 41 at 2.)

## DISCUSSION

Petitioner's claim is procedurally defaulted because he has failed to properly exhaust his claims as required under 28 U.S.C. § 2254 (2009). Petitioner also fails to provide any cause and prejudice to overcome the procedural default. *See Dretke v. Haley*, 514 U.S. 386, 393–94 (2004). Accordingly, there is no reason to continue the stay on these proceedings, and the Petition is dismissed.

### I. Petitioner Has Procedurally Defaulted His Remaining Claim.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court may only grant federal habeas relief on the merits of a claim which has been properly exhausted in the state courts. 28 U.S.C. § 2254(b). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim

---

[2]The original five claims included: (1) "Petitioner was denied counsel on appeal in violation of his First, Fifth, Sixth, and Fourteenth Amendment rights;" (2) "Petitioner's appeal was dismissed when Petitioner could not prepare his *pro se* opening brief due to confiscation of his typewriter, which he needed to prepare his brief due to his disability, in violation of his First, Fifth, Sixth, and Fourteenth Amendment rights;" (3) "Petitioner's appeal was denied without notice and an opportunity to be heard, in violation of his First, Fifth, Sixth, and Fourteenth Amendment Rights;" (4) "The trial court improperly instructed the jury regarding justification defenses in violation of Petitioner's Fifth and Fourteenth Amendment due process rights;" and (5) "Petitioner was denied effective assistance of counsel when his trial counsel advised him not to accept a plea offer because the trial court would be required to give a lesser-included offense instruction and no reasonable jury would find him guilty of first degree murder." (Dkt. # 22 at 6.)

by "fairly present[ing]" the claim to the state's highest court in a procedurally correct manner.[3] *See, e.g.*, *Castille v. Peoples,* 489 U.S. 346, 351 (1989). In cases carrying a life sentence or the death penalty, the test of exhaustion is satisfied when the habeas petitioner properly presents his claim to the Arizona Supreme Court, either on appeal or in a petition for post-conviction relief. *See Swoops v. Sublett*, 196 F.3d 1008, 1008 (9th Cir. 1999). Under Arizona law, state post-conviction relief is afforded by Rule 32 of the Arizona Rules of Criminal Procedure ("Rule 32"). *See Ceja v. Steward*, 97 F.3d 1246, 1249 (9th Cir. 1996).

Procedural default occurs when a petitioner has never presented the subject of a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and claim preclusion. *See Castille*, 489 U.S. at 351–52; *Tacho v. Martinez*, 862 F.2d 1376, 1378 (9th Cir. 1988). Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. *See, e.g., Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991); *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000).

With these principals in mind, the Court turns to the one remaining claim from the original Petition. In this claim Petitioner argues that his trial lawyer rendered ineffective

---

[3]It is important here to distinguish between claims that are properly exhausted and those that are technically exhausted. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). A claim is exhausted in the technical sense when a petitioner no longer has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c). For instance a claim would technically be exhausted when a petitioner is procedurally barred from pursuing his or her claim in state courts. *Woodford*, 548 U.S. at 93. On the other hand, a claim is properly exhausted only when a petitioner "fairly present[s]" the claim to the state's "highest" court in a procedurally correct manner, thereby giving the state the opportunity to rule upon the merits of the claim. *Castille*, 489 U.S. at 351. Federal courts may only consider the merits of habeas claims that are properly exhausted. *Woodford*, 541 U.S. at 92 ("To protect the integrity of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies but also whether he has *properly* exhausted those remedies.") (internal quotation marks omitted) (emphasis in original).

assistance of counsel because he incorrectly advised Petitioner to reject the state's plea offer on the ground that a lesser-included offense instruction would be given and no reasonable jury would find him guilty of felony murder. (Dkt. # 1 at 7.) This claim is premised on *State v. Donald*, which held that a defendant had a colorable "claim for post-conviction relief on the basis that counsel's ineffective assistance led the defendant to make an uninformed decision to reject a plea bargain and proceed to trial." 198 Ariz. 406, 413, 10 P.3d 1193, 1200 (Ct. App. 2000). Petitioner, however, failed to properly exhaust this claim in state court before bringing his Petition. Accordingly, Judge Campbell issued a stay in these proceedings to await resolution of a then pending Rule 32 proceeding that was based on this claim. (Dkt. # 35.)

Petitioner still has not properly exhausted his claim and is now procedurally defaulted from doing so. Although Petitioner filed notice of his Rule 32 proceeding, he failed to file the actual petition for post-conviction relief as required under Rule 32.[4] (Dkt. # 40 at 6.) Thus, Petitioner failed to "fairly present" the claim to the state's highest court in a procedurally correct manner. *See Castille*, 489 at 351. Because he did not afford the State's highest court the opportunity to rule on the merits of the claim, Petitioner has not properly exhausted[5] his habeas claim in state court. *See id.*

Petitioner has therefore defaulted his claim on habeas by failing to diligently pursue his state remedies in accordance with Arizona law. *See Ylst*, 501 U.S. at 802. Despite several extensions in time and a state court order, Petitioner never filed the Rule 32 petition. (Dkt. # 40 at 8.) Due to his failure to timely file that petition, Arizona Superior Court

---

[4]A Rule 32 "proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred." Ariz. R. Crim. P. 32.4(a). Following the initial notice, a Rule 32 petitioner is required to file a petition that provides the specific factual and legal grounds for relief. *See id.* at 32.5. The timing for filing a petition is set forth in Ariz. R. Crim. P. 32.4(c).

[5]Although Petitioner's claim is not properly exhausted as he failed to raise the claim before Arizona's highest court, it is technically exhausted in the sense that Petitioner no longer has the right to raise the claim in state court. *See Woodford v. Ngo*, 548 U.S. at 93.

1  dismissed Petitioner's Rule 32 proceeding. (Dkt. # 40 at 6.) Petitioner subsequently failed
2  to appeal the Superior Court's adverse ruling. *See* Ariz. R. Crim. P. 32.9(c) (noting that a
3  petitioner has thirty days to request review of the trial court's final decision in Rule 32
4  proceedings). Petitioner is also procedurally precluded from raising his claim again in a
5  subsequent Rule 32 proceeding. *Id.* at 32.2(a) ("[D]efendant shall be precluded from relief
6  . . . based on any ground [t]hat has been waived . . . in a previous collateral proceeding.").
7  Accordingly, because Petitioner's claim is now defaulted under Arizona law, the Court is
8  procedurally barred from considering the claim on habeas. *See* 28 U.S.C. § 2254(b)(1)(A).

**II. Petitioner Does Not Demonstrate Cause to Excuse His Procedural Default.**

In the event of a procedural default, federal habeas review of a claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke,* 541 U.S. at 393–94. "To demonstrate cause, a petitioner must show that some objective factor external to the defense impeded [petitioner's] efforts to raise the claim in state court." *Bonin v. Calderon*, 77 F.3d 1155, 1158 (9th Cir. 1996) (citations omitted), *cert. denied*, 516 U.S. 1143 (1996). "Prejudice is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1992) (internal quotation omitted). To prove a fundamental miscarriage of justice, petitioner must make a factual showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 322–23 (1995).

Petitioner fails to demonstrate cause sufficient to excuse his procedural default. Construing his petition liberally, Petitioner asserts that he did not file his Rule 32 petition in a timely manner because he was denied access to a typewriter. (Dkt. # 43.) Petitioner, however, fails to show that limited access to a typewriter impeded him from filing his Rule 32 petition. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that a prisoner must actually "demonstrate that the alleged shortcoming" in legal materials "hindered efforts to pursue a legal claim"). As noted above, the record clearly indicates that Petitioner received several extensions of time to properly file his petition. Further, Petitioner's frequent filings in both state and federal court over the past twenty years indicate that Petitioner could have prepared his petition in the generous amount of time provided.

In addition, as Petitioner fails to establish cause, the Court does not need to address whether any harm or prejudice actually resulted from his alleged constitutional violation. And, because Petitioner does not assert that he is actually innocent, the Court need not address whether Petitioner has suffered a fundamental miscarriage of justice.

**III. Petitioner's Request to Continue the Stay on His Habeas Claim is Denied.**

Despite his failure to diligently pursue his state court remedies, Petitioner asserts that the Court should continue the stay on his Petition because he is seeking Special Action[6] relief in state court to procure access to a typewriter. (Dkt. # 41.)

Here, there is no reason to continue the stay. As discussed above, the Arizona state court has dismissed Petitioner's state claim, and he has not timely appealed. Therefore, Petitioner's claim is procedurally defaulted. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (noting that a stay in habeas proceedings is not appropriate where petitioner has defaulted his claims). Petitioner will remain in default for purposes of federal habeas relief, unless and until the Arizona appellate courts choose to grant his petition for Special Action relief. Because the state courts are the only entity that can relieve Petitioner from his default, he should pursue such relief with them. *See Harris v. Reed*, 489 U.S. 255, 265 n. 11 (1989) (recognizing that "in some instances state courts have discretion to forgive procedural defaults"). If Arizona state courts relieve Petitioner from his default, and they subsequently deny relief on the merits of his claim, then Petitioner can seek any remedy he may have

---

[6]Arizona state law affords Special Action relief in three limited circumstances: where (1) an official "has failed to exercise discretion which he has a duty to exercise . . . ;" (2) the official "has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority;" or (3) the official makes "a determination [that] was arbitrary and capricious or an abuse of discretion." Ariz. R.P. Spec. Act. 3. Here, it appears that Petitioner is arguing that state officials abused their discretion by denying Petitioner access to a typewriter. (Dkt. # 43.)

preserved under AEDPA.[7] Otherwise, the Court is unable to review the merits of Petitioner's claim.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Lift the Stay (Dkt. # 42) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petition for a Writ of Habeas Corpus (Dkt. # 1) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to terminate this matter.

DATED this 30th day of September, 2009.

G. Murray Snow
United States District Judge

---

[7] In the event that the state courts relieve Petitioner from his default and he properly exhausts his claim, Petitioner must also comply with AEDPA's time requirements before again seeking federal relief. *See* 28 U.S.C. § 2244(d)(1). AEDPA imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners in federal court. *Id.* While the limitation period is statutorily tolled during a "properly filed" state petition for post-conviction relief, it is not tolled by filing an Arizona Special Action. *See, e.g.*, *Dema v. Arizona*, 2008 WL 2941167, at *11 (D. Ariz. July 25, 2008).

The instant Petition was timely filed with the Court on May 17, 2006. (Dkt. # 22 at 7.) At that time, Petitioner's Rule 32 action was also pending. (Dkt # 21 at 4–7.) Accordingly, the statute of limitation for filing his Habeas Petition was tolled during the pendency of those Rule 32 proceedings. *See Isley v. Ariz. Dept. of Corrections*, 383 F.3d 1054, 1055 (9th Cir. 2004) (holding that tolling begins when a petitioner files his notice under Rule 32). When Petitioner's Rule 32 proceeding was dismissed on February 4, 2009 (Dkt. # 40 at 6), the period for statutory tolling ended.